IN THE UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 11 2025

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

ALICIA GRAHAM                                                                                           PLAINTIFF

VS.                                        CASE NO. 4:25-CV- 230-LPR

THE BOARD OF TRUSTEES OF THE UNIVERSITY
OF ARKANSAS, A Body Politic and Corporate                                       DEFENDANT

## COMPLAINT

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), in order to recover damages against the defendant for the unlawful discriminatory employment practices that the plaintiff Alicia Graham, has been subjected to all on account of her race. The plaintiff also brings this action against the defendant pursuant to 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), seeking damages against the defendant due to retaliatory treatment that she was subjected to after having complained about discriminatory treatment. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

### I.
### Jurisdiction

1.     Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C. §§ 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended).

This case assigned to District Judge **Rudofsky**
and to Magistrate Judge **Ervin**

2. The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in the County of Pulaski.

## II.
## Parties

3. The plaintiff Alicia Graham is an African American female, and is a resident of the United States of America.

4. The defendant Board of Trustees of the University of Arkansas by statute has been entrusted with the policy making decisions for the University of Arkansas (UA), including the University of Arkansas for Medical Sciences (UAMS), and pursuant to Ark. Code Ann. § 6-64-202 is a body politic and corporate. For purposes of this cause of action, and pursuant to Ark. Code Ann. § 6-64-202, the defendant Board of Trustees of the University of Arkansas manages and controls the University of Arkansas for Medical Sciences.

5. The defendant Board of Trustees of the University of Arkansas is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

## III.
## Facts

6. Alicia Graham was formerly employed by the University of Arkansas for Medical Sciences (UAMS) working for the Cancer Institute.

7. Ms. Graham was initially hired by the University of Arkansas for Medical Sciences in September 2023 as a Clinical Research Coordinator II.

8. Ms. Graham worked under the supervision of Katherine Allen, who is a Caucasian female.

9. Part of Ms. Graham's job responsibilities was to recruit patients to be on clinical trials for clinical research.

10. Nicole Chapman is a Caucasian female, and served as the Department Manager.

2

11. Matthew Kovak is a Caucasian male, and served as the Director of Clinical Research.

12. Nicole Chapman left the Cancer Research department in or about October 2023, but later returned sometime in February/March 2024.

13. Upon Ms. Chapman's return, she began to require Ms. Graham to perform data analyst work, despite the fact that the department had data analysts. The data analyst performs secretarial type functions.

14. Requiring Ms. Graham to perform data analyst work was in essence a demotion in status.

15. During clinical trials, the Clinical Research Coordinator II has to prescreen patients by making sure the HIPPA Forms are complete, the consent, and the Quality of Life forms are complete.

16. Ms. Graham found that one patient in particular was not eligible for the clinical trial, and she scanned the HIPPA form and the consent form to Epic Electronic Storage System.

17. Ms. Graham had followed protocol as established by her supervisor Nicole Chapman, when the patient was deemed ineligible.

18. Approximately a month and a half later, the patient came back to the Cancer Research Center and was again prescreened and was found to be eligible.

19. Ms. Graham was accused of being noncompliant with the process, despite the fact that she had done as what she was instructed to do by Ms. Chapman.

20. Ms. Graham and her team and others met on a weekly basis, and it was never brought to her attention that she was doing anything wrong.

21. It was during these meetings that Ms. Graham mentioned that she had shredded the document (Quality of Life Form), and no one mentioned that this was improper.

22. Ms. Graham was issued an oral warning on May 7, 2024 due to shredding the quality of life form, she was also placed on administrative leave on or about August 8, 2024.

23. Ms. Graham was punished for this mistake, despite the fact that it was caught, and was being rectified by UAMS Regulatory Affairs Unit, making this mistake a nonissue.

24. Sometime in May/June 2024, Ms. Graham filed an internal complaint with UAMS EEO Department complaining about race discrimination, and the disparate treatment that she was being subjected to.

25. Ms. Graham complained to Katherine Allen, Matthew Kovak, Tracy Young, who was part of Human Resources.

26. During July 2024 and October 2024, Ms. Graham applied for several promotions, but despite being imminently qualified for the positions, she was constantly passed over due to her race, and due to retaliatory treatment.

27. Ms. Graham applied for the following positions: Clinical Research Program Manager, Research Program Manager, Program Manager, Behavioral Health Program Manager, Regulatory Affairs Program Manager, Regulatory Specialist, Clinical Research Coordinator Remote, Clinical Quality Assurance Manager, Community Pediatric Program Manager.

28. Despite her superior qualifications, the defendant filled the above-mentioned positions with lesser qualified white candidates.

29. The plaintiff was terminated from her position with the defendant on or about September 9, 2024.

IV.
Disparate Treatment – Race

30. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29, supra., inclusive as though set forth herein word for word.

31. The plaintiff was subjected to disparate treatment on account of her race (African American) in that similarly situated white employees received more favorable treatment on account of their race, than the plaintiff was afforded.

32. Robert Smith is a Caucasian male employee, who was employed by the defendant as a Clinical Research Coordinator II.

33. Mr. Smith was the subject of complaints of sexual harassment, after some female employees complained that he subjected them to inappropriate touching and/or comments.

34. Mr. Smith was also cited for referring to African American female employees as "black bitches."

35. Mr. Smith was not terminated from his place of employment with the defendant, nor was he disciplined (at least to the degree that Ms. Graham was), he was transferred to another department.

36. Mr. Smith was transferred to the A-B team, which was in essence a promotion for him.

37. Ms. Chapman also assigned a co-worker of Ms. Graham to watch her in order to find things that Ms. Graham may have done wrong. In other words, Ms. Chapman assigned a worker to scrutinize the work of Ms. Graham, with the purpose of finding mistakes for the purpose of building a paper trail on her.

38. The plaintiff was subjected to the above-mentioned acts of disparate treatment all on account of her race – African American, in violation of Title VII of the Civil Rights Act of 1964

(as amended), which is codified at 42 U.S.C.S. § 2000e *et seq.* and pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658).

39. The plaintiff was subjected to less favorable terms and conditions of her employment with the defendant, than similarly situated white employees, all on account of her race, in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at 42 U.S.C.S. § 2000e *et seq.*.

## V.
## Retaliation

40. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 38, supra., inclusive as though set forth herein word for word.

41. Around May/June 2024, the plaintiff filed an informal complaint of discrimination with the defendant's internal EEO division/HR alleging that she was being discriminated against based on her race.

42. After filing the complaint of discrimination with UAMS's internal EEO/HR division, the plaintiff began to experience acts of retaliation, such as being written up, being issued disciplinary actions, and was eventually terminated in or about September 2024.

## VI.
## Procedural Requirement

43. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 42, supra., inclusive as though set forth herein word for word.

44. On December 5, 2024, the plaintiff filed a Charge of Discrimination (No. 493-2024-03294) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against based on her race and in retaliation when she was discharged from her

place of employment with the defendant on September 9, 2024. (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**).

45. In response to the Plaintiff's Charge of Discrimination (No. 493-2024-03294) that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated December 11, 2024, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter. (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

46. This cause of action is being brought within ninety (90) days of the plaintiff receiving her right-to-sue letter as referenced in paragraph 45 of this complaint.

47. Due to the above-mentioned acts of discrimination and retaliation, the plaintiff has suffered mental anguish, embarrassment, lost wages, all in a manner to be proven at trial.

## VII.
## Damages

48. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 47, supra., inclusive as though set forth herein word for word.

49. As a direct and proximate cause of the discriminatory and retaliatory treatment that the plaintiff has been subject to, she has suffered mental anguish and humiliation, all to her damage in an amount to be proven at the trial of this matter.

50. Also, as a direct and proximate cause of the discriminatory and retaliatory treatment that the plaintiff has been subjected to, she has suffered by way of loss income, and should be awarded back pay in an amount to be proven at trial.

51.  The above-mentioned acts of discrimination and retaliation were committed by the defendant with malice, or in reckless total disregard for the federally protected rights of the plaintiff, that an award of punitive damages is warranted.

## JURY DEMAND

52.  The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

a.  declare that the plaintiff has been subjected to unlawful discriminatory practices;

b.  reinstatement and back pay;

c.  compensatory and punitive damages;

d.  the cost of prosecuting this action;

e.  attorney's fees;

f.  and for all other just, equitable, and legal relief.

Respectfully submitted,

PORTER LAW FIRM  
The Catlett-Prien Tower Building  
323 Center Street, Suite 1035  
Little Rock, Arkansas 72201  
Telephone: 501-244-8200  
Facsimile: 501-372-5567  
Email: Aporte5640@aol.com

By: _____  
Austin Porter Jr., No. 86145

Dated this, 11th March 2025.

EEOC Form 5 (07/24)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 493-2024-03294 |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Ms. Alicia Graham
Home Phone:    501-804-2400
Year of Birth:    1987
Street Address:    11 Pinto Point
LITTLE ROCK, AR 72211

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: University of Arkansas for Medical Sciences
No. Employees, Members: 501+ Employees
Phone No.: (501) 686-8000
Street Address:    4301 W MARKHAM ST

LITTLE ROCK, AR 72205

Name:
No. Employees, Members:
Phone No.:
Street Address:

DISCRIMINATION BASED ON:
Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05/13/2024
Latest: 09/09/2024

THE PARTICULARS ARE:

I was hired in September 2023 as a Clinical Research Coordinator in Cancer Research Department. Around May 2024, June 2024, and July 2024, I complained about problems with Nicole Chapman regarding training. I complained to Katherine Allen, Matthew Kovak, Tracy Young in Human Resources about work performance, race associated behavior and job expectations. I also complained to Audrey Bradley, HR Director. A mediation was supposed to be scheduled but it did not occur. I was given an oral warning on May 7, for job performance. On June 7, an oral warning. On July 31, 2024, I was written up for job performance. Between July 2024 and October 2024, I applied for several promotions. I applied for Clinical Research Program Manager, Research Program Manager, Program Manager, Behavioral Health Program Manager, Regulatory Affairs Program Manager, Regulatory Specialist, Clinical Research Coordinator Remote, Clinical Quality Assurance Manager, Community Pediatric Program Manager. On August 8, 2024, I was placed on leave without pay. On September 9, 2024, I was discharged.

I received an email from Katherine that said I was terminated for unacceptable performance.

I believe I was discharged because of my race, African American and in retaliation for complaining about race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

PLAINTIFF'S EXHIBIT A

Page 1 of 3

EEOC Form 5 (07/24)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally Signed By: Ms. Alicia Graham
12/05/2024

Charging Party Signature & Date

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Signature of Complainant
Subscribed and sworn to before me this date: _____



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Little Rock Area Office
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/11/2024

**To:** Ms. Alicia Graham
11 Pinto Point
LITTLE ROCK, AR 72211
Charge No: 493-2024-03294

EEOC Representative and email:   JOHNNY GLOVER
Investigator
johnny.glover@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 493-2024-03294.

On behalf of the Commission.

Digitally Signed By: William A Cash
12/11/2024

William A Cash
Area Office Director

**PLAINTIFF'S EXHIBIT B**